989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert B. SCADRON, Jeffrey Scadron and Barry Scadron, doing
business as Scadron Enterprises, an Illinois
general partnership, also known as
Scadron Outdoor Advertising,
Plaintiffs-Appellants,
v.
CITY OF DES PLAINES, a municipal corporation, Defendant-Appellee.
 No. 91-1083.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 23, 1991.
Decided March 8, 1993.
 
 Before COFFEY, and FLAUM, Circuit Judges, and ENGEL, Senior Circuit Judge.*
 
 ORDER
 
 1
 The plaintiff, Scadron Enterprises ("Scadron"), an Illinois partnership which leases real property for the purpose of leasing or donating billboard space to commercial and noncommercial advertisers, filed a complaint against the City of Des Plaines, Illinois ("the City") challenging the City's billboard regulation scheme. Scadron claimed that the City's billboard regulations violated the Illinois Highway Advertising Control Act of 1971, Ill.Rev.Stat. ch. 121 pp 501 et seq. ("HACA") and the federal constitution's free speech, due process, and equal protection provisions. Des Plaines responded 1) that its Home Rule status, pursuant to the Illinois Constitution, Article VII, § 6(a) permitted it to regulate commercial billboards more restrictively than the HACA and 2) that its regulations did not violate the federal constitution. The district court dismissed Scadron's state law, free speech, and due process claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, but ruled that Scadron's equal protection claim that the City applied its regulations in a discriminatory fashion could go forward. Scadron v. City of Des Plaines, 734 F.Supp. 1437 (N.D.Ill.1990).
 
 
 2
 Scadron appealed the district court's dismissal of its claims. The parties' briefs and the discussion at oral argument focused heavily on the state law question of whether HACA preempted the City's regulations. Because this state law issue was potentially dispositive of the case, and because conflicting Illinois appellate cases left us in doubt as to how the Illinois Supreme Court would resolve the HACA issue, we certified the case to the Illinois Supreme Court, by order dated November 18, 1991, the following state law questions:
 
 
 3
 1. "Does the Illinois Highway Advertising Control Act preempt the authority of Home Rule municipalities to regulate outdoor advertising signs in areas subject to the HACA?"
 
 
 4
 2. "If the Illinois Highway Advertising Control Act does preempt Home Rule autonomy, does § 7 of the Illinois Highway Advertising Control Act authorize Home Rule units to regulate outdoor advertising signs within 660 feet of federally-funded highways more restrictively than the criteria set forth in § 6?"
 
 
 5
 3. "If Home Rule units may regulate such outdoor advertising, does § 7 of the Illinois Highway Advertising Control Act authorize such local municipalities to totally exclude outdoor advertising signs in areas subject to the HACA?"
 
 
 6
 The Illinois Supreme Court answered the questions certified in an opinion which became final on December 17, 1992. Scadron v. Des Plaines, No. 72848, 1992 WL 337925 (Ill. Nov. 19, 1992). As to question 1, the court held that HACA does not preempt the authority of home rule municipalities to regulate outdoor advertising signs in areas subject to the Act. Id. at * 12. Given this conclusion, the Illinois Supreme Court did not need to address question 2 because it was premised on a finding that HACA did preempt the regulations. Id. at * 13. As to question 3, the Court held that home rule municipalities can totally exclude outdoor advertising signs in areas subject to the HACA. Id. at * 15. Thus, under Illinois state law, Scadron's challenge to the Des Plaines regulations fails.
 
 
 7
 All that is left of Scadron's appeal are its federal constitutional claims, which we view as unpersuasive. Scadron's attorney barely touched on these issues at oral argument, and the central argument in Scadron's brief was the state law issue. In its opinion, the district court provided a comprehensive and convincing explanation for its ruling dismissing Scadron's constitutional claims. Instead of discussing those issues ourselves, we adopt the analysis contained in the excellent opinion by the district court. Scadron, 734 F.Supp. at 1441-1448.
 
 
 8
 AFFIRMED.
 
 ATTACHMENT
 
 
 *
 The Honorable Albert J. Engel, Senior Circuit Judge of the Sixth Circuit, is sitting by designation